1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10
11
12
13
14

MARYFRANCES BAILEY,

        Plaintiff,

    v.

JO ANNE B. BARNHART, Commissioner of
Social Security,

        Defendant.

CASE NO. C05-1496-JCC

ORDER

15
16
17
18
19
20

    This matter comes before the Court on Plaintiff's application for judicial review of the final

decision of the Commissioner of the Social Security Administration ("Commissioner") (Dkt. No. 1), the

Report and Recommendation of United States Magistrate Judge Mary Alice Theiler ("R&R") (Dkt. No.

14), and Plaintiff's Objections to the R&R (Dkt. No. 15). Having reviewed the materials submitted by

the parties, and finding that oral argument is not necessary, the Court hereby finds and rules as follows:

21

## I.    BACKGROUND

22
23
24
25

    Plaintiff filed an application for disability benefits on May 2, 2001, alleging disability since April 2,

2001, due to the residual effects of a stroke and blood clotting. (Administrative Record ("AR") 58–60).

The Commissioner denied Plaintiff's application initially (AR 27) and on reconsideration (AR 32).

Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ") on July 19, 2002. (AR

26

ORDER – 1

35.)  On September 29, 2004, ALJ Verrell Dethloff held a hearing, and on December 28, 2004, the ALJ

issued a decision concluding that the Plaintiff is not disabled within the meaning of the Social Security

Act.  (AR 11–24.)  On August 19, 2005, the Appeals Council denied Plaintiff's request for review,

making the ALJ's holding the Commissioner's final decision.  (AR 6–8.)  On August 31, 2005, Plaintiff

filed her Complaint with this Court pursuant to 42 U.S.C. § 405(g).  (Dkt. No. 1.)  Magistrate Judge

Theiler recommended in her R&R that the Commissioner's decision be affirmed.  (R&R 1.)  Plaintiff

objects and alleges that the conclusion was reached in legal and procedural error.

## II.   STANDARDS OF REVIEW

This Court reviews the record *de novo* when considering objections to a magistrate judge's R&R.

*See* 28 U.S.C. § 636(b)(1).  A denial of disability benefits may be set aside only when the ALJ's findings

are based on legal error or are not supported by substantial evidence in the record.  *Benton ex rel. Benton*

*v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *see also Flaten v. Sec'y of Health & Human Servs.*,

44 F.3d 1453, 1457 (9th Cir. 1995).  Substantial evidence means more than a scintilla, but less than a

preponderance, *Bustamante v. Massanari*, 262 F.3d 949, 953 (9th Cir. 2001) (quoting *Tackett v. Apfel*,

180 F.3d 1094, 1097 (9th Cir. 1999)), or "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion."  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (quoting

*Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and

for resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citing *Magallenes*,

881 F.2d at 750).  If there is more than one rational interpretation of the evidence, the ALJ's conclusion

must be upheld.  *Burch*, 400 F.3d at 679; *see Andrews*, 53 F.3d at 1039–40.

## III.   ANALYSIS OF PLAINTIFF'S OBJECTIONS

Plaintiff contends that Judge Theiler made two errors in recommending that this Court affirm the

ALJ's denial of her disability benefits: (A) Plaintiff assigns a procedural error on the part of ALJ Dethloff

in not properly considering the effects of fatigue in preventing Plaintiff from sustaining employment (Pl.'s

ORDER – 2

Obj. 2–5); and (B) Plaintiff contends that it was not harmless error for the ALJ to not address the letter from her pastor in his report (Pl.'s Obj. 5–6).

### A.    Plaintiff's Fatigue

Plaintiff contends that the ALJ erred in not considering the impact of her Leiden Factor V deficiency and disregarding the opinion of Plaintiff's primary care physician Dr. Lewis, who concluded that Plaintiff suffered from fatigue.  (Pl.'s Obj. 3–4.)

#### i.    Leiden Factor V

To manage her Leiden Factor V deficiency, Plaintiff was placed on anti-coagulation medication. (AR 372.)  Plaintiff contends that while taking that medication, she is unable to take hormone replacements.  She alleges that without the replacements, she is unable to sleep well at night, and therefore becomes fatigued.  (Pl.'s Obj. 2–3.)  A threshold test for subjective symptom testimony was set out in *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986), and reaffirmed in *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991).  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  The test imposes two requirements on the claimant: (1) she must produce objective medical evidence of an impairment or impairments; and (2) she must show that the impairment or combination of impairments could reasonably be expected to (not that it did in fact) produce some degree of symptom.  *Smolen*, 80 F.3d at 1281–2.

There is medical evidence that suggests the Leiden Factor V deficiency was well-managed and not contributing to Plaintiff's symptoms:  Dr. White reported on June 13, 2003, that Plaintiff "has never had any marked problems with anti-coagulation therapy" and that Plaintiff "has really done quite well with anti-coagulation."  (AR 371.)  Therefore, the ALJ did not err in not considering the impact of Plaintiff's Leiden Factor V deficiency on her fatigue because it is not the deficiency causing Plaintiff to not be able to sleep, but her inability to take hormones while on the anti-coagulation medicine for the deficiency, thus failing the *Cotton* test at step two.

#### ii.    Conflicting Medical Opinions

The ALJ is responsible for resolving any conflicts in medical testimony. *Andrews*, 53 F.3d at 1039; *Magallenes*, 881 F.2d at 750. Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing reasons." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). If the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for so doing. *Lester*, 81 F.3d at 830 (citing *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). Further, opinions of specialists about medical issues related to his or her area of specialization are given more weight than the opinions of a non-specialist. *Smolen*, 80 F.3d at 1285; *see also* 20 C.F.R. § 404.1527(d)(5) (2006).

The ALJ disregarded Dr. Lewis's opinions based on contrary medical evidence from specialists who had seen Plaintiff: "Dr. Likosky had seen the claimant regularly since April of 2001, and never noted a complaint of fatigue in his treatment records (Exhibit 18F, pp. 5–9)." (AR 18.) The ALJ also noted:

> Dr. Lewis is the claimant's primary physician, but he is only an internal medicine specialist. The claimant has seen a number of specialists. Dr. Likosky is a neurologist, and he noted that the clinical manifestations of the claimant's stroke had waned to virtually nothing. It is for this reason that he turned treatment over to Dr. Lewis (Exhibit 18F, pp. 5–9). Dr. White, who is subcertified in hematology, noted that the claimant appeared well and bright, she moved comfortably and her muscle strength was symmetric (Exhibit 16F, p.3).

(AR 22.) The Court finds that the ALJ properly gave the specialists' opinions more weight than Dr. Lewis's, and came to a rational conclusion based upon medical evidence. The ALJ provided "specific and legitimate reasons" for rejecting Dr. Lewis's opinion: "Dr. Lewis'[s] notes, the reports of Dr. White, Dr. Likosky, the claimant's activities of daily living, and the reviewing physicians for the State Agency all suggest that the claimant is not as limited as Dr. Lewis has indicated in his letter." (AR 22.) Because the ALJ came to a rational conclusion based upon the evidence, that decision must be upheld. *Burch*, 400 F.3d at 679; *see Andrews*, 53 F.3d at 1039–40.

### B.    Pastor Manaway's Letter

The Plaintiff also contends that Judge Theiler erroneously concluded that it was harmless error for

ORDER – 4

1   the ALJ to ignore the letter from Plaintiff's pastor.  (Pl.'s Obj. 5–6.)  The Commissioner concedes the

2   ALJ's failure to specifically address Pastor Manaway's letter, but asserts that this omission was either

3   entirely acceptable or, at most, harmless error.  (*See* R&R 14.)  Judge Theiler found that the ALJ's failure

4   to specifically address the letter was harmless.  (R&R 17.)  This Court agrees.

5          Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into

6   account unless he or she expressly determines to disregard such testimony and gives reasons germane to

7   each witness for doing so.  *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (citing *Nguyen v. Chater*,

8   100 F.3d 1462, 1467 (9th Cir. 1996); *Dodrill v. Shalala*, 12 F.3d 915, 918–19 (9th Cir. 1993)).  An ALJ

9   may reject lay testimony when the ALJ finds that such testimony conflicts with medical evidence.  *Lewis*,

10   236 F.3d at 511.  However, "the court at every stage of the proceeding must disregard any error or

11   defect in the proceeding which does not affect the substantial rights of the parties."  FED. R. CIV. P. 61.

12          Pastor Manaway states in his letter that "some days [Plaintiff's] memory was sharp and quick.

13   But on other days she labored to get through everyday task[s]."  (AR 142.)  However, this statement is

14   contradicted by the medical testimony of the Plaintiff's specialists.  Dr. Likosky, a neurologist, noted in

15   May 2002 that, "the clinical manifestations of the claimant's stroke had waned to virtually nothing."  (AR

16   468.)  Dr. Peterson conducted memory testing in November 2001 and found Plaintiff average to above

17   average on testing and that "no mental impairment severely limits her ability to work."  (AR 333–36.)

18   Pastor Manaway also wrote that he "noticed [Plaintiff's] good days and bad days."  (AR 142.)  This

19   statement is contradicted by Plaintiff's own testimony to the ALJ, wherein she said that she did not have

20   difficulty working at the church.  (AR 537.)

21          The foregoing demonstrates that Pastor Manaway's comments are contradicted by medical

22   evidence.  Therefore, the ALJ correctly disregarded them.  Moreover, even though the ALJ did not

23   expressly reject Pastor Manaway's letter as required, the letter did not play a significant role in denying

24   Plaintiff's disability claim because the letter could not have determinatively established Plaintiff's difficulty

25   working.  Therefore, the error in not expressly disregarding the letter does not affect the substantial rights

26   ORDER – 5

1  of the parties, and is thus harmless.

2  **IV.      CONCLUSION**

3          For the foregoing reasons, the Court hereby ADOPTS the Report and Recommendation and

4  AFFIRMS the decision of the Commissioner.  The Clerk is directed to send copies of this Order to all

5  counsel and to Judge Theiler.

6

7          SO ORDERED this 17th day of August, 2006.

8

9

10                                              John C. Coughenour
                                                United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  ORDER – 6